[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
We overrule the appellant's first assignment of error upon the authority of State v. Cook (1998), 83 Ohio St.3d 404,700 N.E.2d 570 (holding that the application of R.C. Chapter 2950 to one adjudicated a sexual predator based on a conviction preceding the statute's effective date violates neither the Ex Post Facto Clause of the United States Constitution nor the Retroactivity Clause of Cthe Ohio Constitution), and State v. Williams (2000), 88 Ohio St.3d 513,728 N.E.2d 342 (holding that R.C. Chapter 2950 is neither unconstitutionally vague nor violative of the Double Jeopardy Clause[1] of the state or federal constitutions).
We also overrule the second assignment of error, upon our determination that the common pleas court had before it competent and credible evidence to support the appellant's adjudication as a sexual predator. See R.C. 2950.09(B)(3) and 2950.09(C)(2).
Accordingly, we affirm the judgment of the court below.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Winkler and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.
[1] [EDITORS' NOTE: FOOTNOTE 1 IS OMITTED FROM THE OFFICIAL COPY OF THIS DOCUMENT, THEREFORE IT IS NOT DISPLAYED IN THE ONLINE VERSION.]